**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS JAMES VICTORIAN,<br><br>              Petitioner - Appellant,<br><br>v.<br><br>VIMAL SINGH, Warden,<br><br>            Respondent - Appellee. | No. 11-56929<br><br>D.C. No. 2:07-cv-05514-JVS-FMO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 28, 2014[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Dennis James Victorian (Victorian) was convicted of first degree

burglary, second degree robbery, and assault with a deadly weapon by a Los

Angeles County Superior Court jury. Victorian appeals the district court's denial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of his Petition for a Writ of Habeas Corpus. Victorian asserts that his Sixth Amendment rights were violated when the trial court excused a holdout juror and refused to declare a mistrial.

The state court decision denying relief was not contrary to or an unreasonable application of Supreme Court precedent. Nor was it an unreasonable determination of facts, as the record demonstrates that the holdout juror declined to continue deliberating. Victorian has cited no United States Supreme Court case holding that dismissal of a juror, holdout or otherwise, is unconstitutional. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) (clarifying that law is not clearly established if it must be extended to the facts of the case under consideration). Additionally, the trial court has broad discretion in deciding whether to grant a mistrial when the jury is deadlocked. *See Illinois v. Somerville,* 410 U.S. 458, 462 (1973). The trial court may also employ other measures before declaring a mistrial, including interviewing jurors at length, asking counsel for suggestions, and allowing more time for deliberations. *See Renico v. Lett*, 559 U.S. 766, 779 (2010). In Victorian's case, the trial court utilized these other measures, and concluded that a mistrial was not warranted. *See id*.

Victorian also asserts that the jury instructions given to the holdout juror and to the jury collectively were coercive. However, these instructions were similar to

2

*Allen*[1] charges, which have been routinely upheld by the Supreme Court. *See*

*Lowenfield v. Phelps,* 484 U.S. 231, 237 (1988); *see also Early v. Packer*, 537 U.S.

3, 9 (2002).

**AFFIRMED.**

---

[1] *Allen v. United States*, 164 U.S. 492, 501 (1896) (approving a jury charge that urged holdout jurors to reconsider the reasonableness of their positions).

3